## PASSENGER KILLED BY THE BACKING OF THE CAR FROM WHICH HE HAD ALIGHTED.

Circuit Court of Cuyahoga County.

ELSIE L. CLEVERDON, ADMINISTRATRIX DE BONIS NON, WITH WILL ANNEXED, v. THE LAKE SHORE ELECTRIC RAILWAY COMPANY ET AL.[*]

Decided, June 5, 1905.

*Negligence—Carriers—Question of Negligence of Carrier in Inviting Passenger to Alight, and of Passenger in Alighting at a Dangerous Place is for the Jury.*

Where the evidence discloses that a passenger upon an electric car had notified the conductor of his desire to alight at a certain stop; that the car ran past that stop and came to a stand-still upon a trestle; that the passenger who was upon the rear platform, thereupon alighted from the car and started to walk back along the trestle to the station, but before he could do so was killed by the car backing upon him without warning; *Held:* That the question of the negligence of the carrier and of the contributory negligence of the passenger were for the jury to determine.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

On the 23d day of August, 1902, H. L. Cleverdon, plaintiff's intestate, boarded car No. 17 on the road of defendants. Said car was bound eastward, and said Cleverdon paid his fare to a point known as Cahoon road, which is stop No. 24 on said road, and notified the conductor that he desired to get off at that point. He was a frequent passenger on this line and often got off at this stop.

He was an engineer by occupation and was engaged largely in the construction of bridges, and at this time was superintending the construction of a bridge for the county not far from said stop No. 24. He was about 33 years old, and was a strong, active man in excellent health.

---

[*]Affirmed without opinion, *Lake Shore Electric Railway Co.* v. *Cleverdon, Admrx.*, 75 Ohio State, 618.

Just east of stop No. 24, the tracks of defendant's railroad are supported on a wooden trestle over a ravine for a distance of several hundred feet and at a considerable elevation. This trestle is nine feet wide. At the time mentioned the conductor of the car gave the proper signal to stop the car at stop 24, but for some reason it did not stop there but ran on a considerable distance until it was upon the trestle. The witnesses vary as to how far the car was upon the trestle, but it was probably not less than sixty feet from the west end of the trestle when the car stopped, at a point where the elevation of the trestle was in the neighborhood of forty feet above the earth. Cleverdon had stepped out upon the rear platform of the car ready to alight at stop 24, but as the car went by he did not get off until the car stopped, when he immediately stepped off, swinging around so as to step upon the trestle back of the car, and started to walk back toward the stop at which he had intended to alight. The car at once backed toward him. The conductor, seeing his peril, gave the signal to stop and called to Cleverdon, warning him of his danger, but too late to save him, and he was precipitated to the ground beneath, sustaining such injuries that he died therefrom the next day at St. John's hospital in Cleveland, to which he had been removed.

The plaintiff, having been appointed administratrix of his estate, brought this suit to recover damages against the railroad company and its receivers for wrongfully causing his death.

The deceased was the engineer under whose direction and superintendence the trestle was constructed, and was entirely familiar with it and its surroundings.

At the close of the plaintiff's evidence the court, on motion of the defendant, directed the jury to return a verdict for the defendant, which was accordingly done and judgment entered upon such verdict. To this action of the court the plaintiff excepted. By proper proceedings the case is here for review. A bill of exceptions is filed containing all the evidence. The only error complained of is the action of the court in directing a verdict for the defendant.

It has been urged on behalf of plaintiff that there should have been submitted to the jury the question of whether the action of those in charge of the car in stopping on the trestle was an invitation to the passenger to alight, or at least whether he did not have a right to understand it to be such invitation. It is shown by the evidence that the custom in the operation of the car was not to back. Decedent was a frequent passenger. He was a strong young man, entirely familiar with the trestle and its surroundings. The car stopped for some purpose. Did it stop with the intent to run back? The conductor did not signal it to do so. Did it start back instantly by its own recoil at the very moment of stopping, or did it, as testified to by Kuepfer, stand twenty or thirty seconds and then start back? Was it negligence, if the passenger understood that the stop was to let him alight, and the car stood twenty or thirty seconds, to get off and walk away from the car?

All of these questions should have been submitted to the jury for its determination.

It could not be said as a matter of law, either that the company was not negligent in what it did, or that Cleverdon was negligent in what he did.

For error in taking the case from the jury and directing a verdict for the defendant, the judgment is reversed.